# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DAIL DIEDRICHSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:21-cv-04178-MDH |
| ) | |
| SWIFT TRANSPORTATION CO ) | |
| OF ARIZONA, LLC, and MINGHAO HOU, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are the following motions: Defendant Swift Transportation Co. of Arizona, LLC's ("Swift") Motion to Strike Punitive Damages (Doc. 6); Swift's Motion to Dismiss Counts III, IV, V, and VI of Plaintiff's Complaint (Doc. 8); Swift's Motion to Dismiss Count VII of Plaintiff's Complaint (Doc. 10); Plaintiff's Motion for Dismissal of Count VII (Doc. 19); Defendant Minghao Hou's Motion to strike Punitive Damages (Doc. 23); and Defendant Hou's Motion to Dismiss Count VII (Doc. 25).

To begin, Plaintiff has moved to dismiss Count VII. As a result, the Court grants the Motions to Dismiss Count VII (Docs. 10, 19 and 25) and Count VII is dismissed.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(internal citations omitted); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may

1

proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. In considering the complaint, the Court is to accept all factual allegations as true.

Regarding a motion to strike, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f) . . . [s]triking a party's pleading is . . . a disfavored and extreme measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).

## DISCUSSION

Both defendants Swift and Hou have moved to dismiss or strike Plaintiff's request for punitive damages. Defendants argue that Plaintiff cannot meet the burden for punitive damages, has not pled a basis for punitive damages, and that Plaintiff should later make a motion to amend the pleadings and seek leave of Court to add punitive damages if the standard is met. Here, after a careful review of the record before the Court, including the allegations contained in the Complaint and the arguments made by counsel, the Court finds the Complaint has met the pleading requirements of the Federal Rules to survive a motion to dismiss and/or strike. Whether Plaintiff may ultimately prevail, or even be allowed to submit a claim for punitive damages, may be addressed at a later stage of litigation. However, for purposes of ruling on the Motion to Dismiss/Strike the Court finds Plaintiff's allegations plead enough to remain and Defendants' Motions are **DENIED**. (Docs. 6 and 23).

2

Case 2:21-cv-04178-MDH   Document 35   Filed 01/03/22   Page 2 of 4

Swift also moves to dismiss Counts III, IV, V, and VI. (Doc. 8). Swift argues Plaintiff cannot pursue multiple theories to impute negligence for defendant Hou's actions because Swift has admitted *repondeat superior* liability for the driver. Defendant relies on the holding in *McHaffie* in support of its motion to dismiss these counts. See *State ex rel. McHaffie v. Bunch,* 891 S.W.2d 822, 826 (Mo. Banc 1995). In response, Plaintiff argues that the general rule set forth in *McHaffie* contains an exception for cases with claims for punitive damages. Plaintiff states she has included a claim for punitive damages and as a result the claims should be allowed to proceed. Defendant argues Plaintiff has failed to state a claim for punitive damages (as presented in its motion to dismiss or strike that claim) and therefore cannot invoke an exception to the *McHaffie* rule.

Here, the Court has denied the motion to strike or dismiss Plaintiff's claim for punitive damages for the reasons set forth herein, and as a result the Court agrees that the exception to the *McHaffie* rule for cases pleading a claim for punitive damages applies in this case at this stage of litigation. See *Wilson v. Image Flooring, Inc.,* 400 S.W.3d 386, 393 (Mo. App. W.D. 2013)("…we believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer…"). The Court denies Defendant's motion to dismiss Counts III, IV, V and VI. Again, whether Plaintiff may ultimately prevail, or make a submissible case on these claims, is yet to be determined.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court **GRANTS** the Motions to Dismiss Count VII (Docs. 10, 19 and 25) and Count VII is dismissed. Swift's Motion to Strike Punitive Damages (Doc. 6) and Motion to Dismiss Counts III, IV, V, and VI (Doc. 8) are **DENIED**. Defendant Minghao Hou's Motion to strike Punitive Damages (Doc. 23) is **DENIED.**

3

**IT IS SO ORDERED.**

DATED: January 3, 2022

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**